June Garner, R.N., M.N. Executive Director Arkansas State Board of Nursing 1123 South University Avenue Suite 800, University Tower Bldg. Little Rock, Arkansas 72204
Dear Ms. Garner:
This is in response to your request for an opinion on the following questions:
 1. If a person's records have been sealed following a juvenile felony conviction, can the person answer "no" to an inquiry about a previous felony convictions?
 2. What are the implications of expungement for a person who is applying for Board exams? May he/she answer "no" to the felony question on the application?
It must be initially noted in response to these questions that the answer may turn on the particular authority under which the case was adjudicated and the records sealed. Your first question appears to suggest that the person was in fact convicted of a felony, and was not adjudged a delinquent under provisions pertaining to juveniles. This would, it seems be a significant distinction since adjudication as a delinquent is clearly distinguishable from a felony conviction.
If the person was in fact convicted of a felony, a determination must then be made with respect to the authority under which the records were sealed. If the records were sealed following an order of expungement under Act 346 of 1975 (A.C.A. 16-93-301 et seq.), then the person ". . . may reply in the negative to questions pertaining to past criminal convictions in applications for employment, permits, or licenses or in any other instance wherein a civil right or liberty might be affected." A.C.A.16-93-303(b)(3). It should be noted here that provision is also made for expungement under that Alternative Service Act, which is codified at A.C.A. 16-93-501 et seq. Section 16-93-510(c) states:
 Upon the expungement of the record, as to that conviction, the person whose records was expunged may thereafter state in any application for employment, license, civil right, or privilege, or in any appearance as a witness, that he has not been convicted of the offense for which he was convicted and sentenced or placed on probation under the provisions of this subchapter.
Thus, in response to your first question, the person can legally answer "no" in the above instances to inquiries about a previous felony conviction if the records were sealed following expungement.
In response to your second question, the language of A.C.A.16-93-303(b)(3) and 16-93-510(c) may reasonably be read to encompass an application for Board examinations, particularly in light of the fact that the effect of expungement under 16-93-303
and 16-93-502 is to "completely exonerate the defendant of any criminal purpose" and the disposition "shall not affect any civil rights or liberties of the defendant." See A.C.A. 16-93-303(b)(2) and 16-93-502(7)(A). It is therefore my opinion that the person may answer "no" to the felony question on the application if the records were in fact expunged under the foregoing provisions.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.